# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICKEY WHITCOMB,              )<br>                                              )<br>            Petitioner,             ) | Case No. CV05-0389-C-EJL |
|                                              )<br>vs.                                       ) | **MEMORANDUM ORDER** |
|                                              )<br>KEVIN KEMPF, Warden, ICI-O,  )<br>                                              )<br>            Respondent.          )<br>_____) | |

On September 21, 2005, Petitioner filed a Motion for Relief from Judgment under Rule 60(b). The Court now reviews Petitioner's filing to determine whether this action is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## I.

## REVIEW OF MOTION OR PETITION

Petitioner has designated his initial filing in this case as a "Rule 60(b) Motion." It is unclear whether Petitioner's case is intended to be a new habeas corpus petition, seeking to have this Court overturn his state court judgment, which was entered on May 26, 1993, or whether it is a Rule 60(b) Motion to Reconsider Judge Boyle's April 22, 2004, decision dismissing his previous habeas corpus petition in Case No. CV03-470-S-LMB, *Whitcomb v. Foster* (see Docket Nos. 6 & 7). In Petitioner's previous federal case before Judge Boyle, Petitioner's petition was dismissed as untimely. Subsequently, Judge Boyle and the Ninth Circuit Court of Appeals denied Petitioner a certificate of appealability in that case (see Docket Nos. 9 & 10).

**MEMORANDUM ORDER  1**

Because there is no "Rule 60(b)" mechanism for this Court to grant "relief from judgment" of Petitioner's state court conviction and sentence *except* via habeas corpus review, the Court construes Petitioner's initial filing as a Rule 60(b)(6) challenging the final Order in Case No. CV03-470-S-LMB, *Whitcomb v. Foster*. Construed as such, the Court declines to reconsider or reopen a case that has been closed for nearly two years because there are no "extraordinary circumstances" that would support reconsideration of Judge Boyle's previous decision. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988).

Petitioner challenges the same conviction and brings many of the same claims he brought in his previous Petition that was dismissed as untimely. Petitioner cannot have the merits of his claims heard in federal court unless he has first met the procedural requirements. It is clear from Petitioner's previous case that Petitioner's Petition was untimely, and that there were no grounds for equitable tolling that would enable the court to hear the merits of his case. Neither Judge Boyle nor the Ninth Circuit permitted Petitioner's appeal to proceed. Again, Petitioner has presented no "extraordinary circumstances" that would cause the Court to reopen his earlier case.

If Petitioner's filing is construed as a new petition, it is presently barred unless Petitioner obtains authorization from the Ninth Circuit to file a second or successive petition. *See* 28 U.S.C. § 2244(b). Otherwise, as dictated by statute, there are no further avenues of habeas relief for Petitioner on his state conviction in the federal court system. *See* 28 U.S.C. § 2253(c)(1)(A) (a habeas petitioner who has been denied relief cannot appeal unless he has first obtained a COA).

This Court has no authority to allow Petitioner to end-run the Ninth Circuit's prior decision and proceed with either the old or the new petition. *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2646 (2005) (petitioners cannot use a Rule 60(b) motion to circumvent AEDPA requirements, including

**MEMORANDUM ORDER  2**

the requirement of circuit authorization to file a successive petition). Federal district courts lack jurisdiction to consider unauthorized successive petitions. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

For all of the foregoing reasons, the Court shall deny Petitioner's Motion for Relief from Judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment (Docket Nos. 3 & 8) is DENIED, and this case is DISMISSED.

DATED: **April 17, 2006**

*[signature]*

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER 3**